IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KATHY WADE, | |
| v. | Civil Action No. CCB-22-992 |
| DIMITRIOS VANGELAKOS, *et al.* | |

## MEMORANDUM

On March 31, 2018, several individuals allegedly assaulted Kathy Wade while she was dining at the Windsor Inn Crab House. Wade, representing herself, brought a claim for negligence against the owners of the restaurant, RV Associates Limited and Dimitrios Vangelakos (collectively, "defendants").[1]

The defendants moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6). *See* ECFs 7 and 8, Defs.' Mot. to Dismiss.[2] The motion is fully briefed. *See* ECF 10, Pl.'s Opp.; ECF 11, Defs.' Reply; ECF 13, Pl.'s Mot. for Surreply. No hearing is necessary. *See* Local Rule 105.6. For the reasons below, the court will grant the defendants' motion to dismiss and deny Wade's motion to file a surreply (ECF 13) as moot.

---

[1] RV Associates Limited owns the Windsor Inn Crab House and Dimitrios Vangelakos owns RV Associates Limited.

[2] The defendants' motion to dismiss appears to have been docketed twice. *Compare* ECFs 7 and 8.

1

## I.  BACKGROUND

On May 31, 2018, Wade went to the Windsor Inn Crab House for an evening dinner. ECF 1-3, Pl.'s Compl. at 8.[3] Wade sat down in an empty seat when another customer told her that seat was reserved. The unidentified customer became increasingly angry with Wade, and allegedly punched Wade. *Id.* When Wade attempted to defend herself, several other customers began attacking her. *Id.* The restaurant's security intervened, but allegedly failed to deescalate the situation. *Id.* Allegedly, Wade fled under gun fire. *Id.* at 9. Wade claims the defendants employed police officers to bring frivolous criminal charges against her. *Id.* Additionally, Wade contends the defendants sought to "cover up [their] liability" by making video footage and investigative reports unavailable. *Id.* Wade filed this lawsuit on April 22, 2022. ECF 1-3.

## II.  LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain factual allegations that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal

---

[3] Citations to page numbers may refer to ECF pagination where the page numbers in the underlying document are unavailable or inconsistent.

conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart,* 680 F.3d 359, 365 (4th Cir. 2012)).

### III. DISCUSSION

The statute of limitations in Maryland for negligence is three years. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 ("A civil action at law shall be filed within three years from the date it accrues[.]"). If "knowledge of a cause of action is kept from a party by the fraud of an adverse party," the statute of limitations begins to run once the plaintiff "discovered, or by the exercise of ordinary diligence should have discovered the fraud." Md. Code Ann., Cts. & Jud. Proc. § 5-203. There is also a non-statutory "discovery rule" that may toll the statute of limitations where no fraudulent concealment exists. *See Poffenberger v. Risser*, 431 A.2d 677, 680–81 (Md. 1981). This rule requires the plaintiff to have actual knowledge of the "circumstances which ought to have put a person of ordinary prudence on inquiry" to cause the statute of limitations to begin to run. *Id.* at 681 (internal quotations and citation omitted).

Once a plaintiff invokes the discovery rule, the defendant has "the burden of proving that more than three years before filing suit (1) the plaintiffs knew of facts sufficient to cause a reasonable person to investigate further, and (2) a diligent investigation would have revealed that the plaintiffs were victims of [] the alleged tort." *Lumsden v. Design Tech Builders Inc.*, 749 A.2d 796, 802 (Md. 2000) (quoting *Pennwalt Corp. v. Nasios,* 550 A.2d 1155, 1163–64 (Md. 1988)). Put simply, the statute of limitations begins to run when the plaintiff should know of a potential claim against another person, not when the plaintiff develops a full-blown theory of recovery. *See id.*

Here, Wade's allegations about the defendants' fraudulent concealment do not toll the statute of limitations. Even assuming the defendants destroyed video footage of the assault, Wade could have still filed suit within the applicable limitations period. After all, her claim alleges *the defendants* negligently failed to protect her from the assailants. Video footage, of course, may have bolstered Wade's case. But the statute of limitations does not wait for a plaintiff to build a perfect theory of recovery. While video footage could have helped Wade identify her specific assailants, the limitations period starts upon "the discovery of an injury and its general cause, not the exact cause in fact and the specific parties responsible." *See Lumsden*, 749 A.2d at 804. Wade's allegations about her inability to file suit because she was "wrongfully thrust into the criminal justice system" do not extend the limitations period. *See id.* at 805 (explaining that "a statute of limitations generally is not delayed by any period of investigation to ascertain the precise cause of the injury").

Any amendment to Wade's complaint would be futile because the statute of limitations has already expired. Accordingly, Wade's complaint will be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated here, the court will grant the defendants' motion to dismiss. A separate Order follows.

__11/2/2022__                                                                                             __/s/__  
Date                                                                                                        Catherine C. Blake  
                                                                                                       United States District Judge